**IT IS ORDERED as set forth below:**

**Date: November 1, 2018**

_____

**Jeffery W. Cavender
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. **18-66766** |
| | ) | |
| **BEAUTIFUL BROWS LLC,** | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**INTERIM ORDER ON DEBTOR'S EMERGENCY MOTION FOR AN ORDER AUTHORIZING THE USE OF CASH COLLATERAL**

Before the Court is the *Debtor's Emergency Motion For An Order Authorizing The Use Of Cash Collateral* (the "**Motion**")[Doc. 16] and *Ameris Bank's Objection To Debtor's Use Of Cash Collateral* (the "Objection") [Doc. 13]. A hearing on the Motion and the Objection was held by the Court on October 25, 2018 (the "**Hearing**"). Having reviewed and considered the record, and taking into consideration the argument of counsel and the testimony of the representative of the Debtor at the Hearing, the Court HEREBY FINDS AS FOLLOWS:

A. On October 3, 2018 (the "**Petition Date**"), the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"). The Debtor continues in possession of its property and is operating its

1

business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

C. The Debtor is engaged in providing retail services such as eyebrow threading and other cosmetic services.

D. Ameris Bank (the "**Lender**"), extended a loan to the Debtor in the original amount of $679,000 with a note dated August 8, 2016 (the "**Loan**") secured by certain UCC financing statements recorded on or about August 10, 2016 (together with all other documents that evidence, secure or relate to the Loan, the "**Loan Documents**"). Lender obtained a judgment on the obligation dated September 11, 2018 which at the time of the Petition Date was owed in the total amount of $701,368.73. Lender contends that based on the Loan Documents, that the Loan is secured by a security interest in, and lien upon, substantially all of the Debtor's property and assets, including but not necessarily limited to, the Debtors' accounts receivable, inventory, equipment, and general intangible (collectively, the "**Property**").

E. For purposes of this Order, the income and other revenues derived from the Property constitutes cash collateral within the meaning of Sections 363(a) and 363(c)(2) of the Bankruptcy Code, and such monies are referred to hereinafter as the "**Cash Collateral**."

F. The Debtor requires the use of Cash Collateral to preserve, maintain and support the Property and to continue its business operations, including making payroll, paying rent, paying for insurance, paying suppliers, and meeting ordinary working capital expenses. Serious and potentially irreparable harm to the Debtor and the Debtor's estate may occur absent the Debtor's use of the Cash Collateral.

G. Debtor's counsel has certified that a copy of the Motion, together with notice of the Hearing, has been served upon the United States Trustee, counsel for Lender, and all creditors and parties in interest in this case. Lender's counsel has certified that a copy of the Objection, together with notice of the Hearing, has been served upon the United States Trustee, counsel for Debtor, and all creditors and parties in interest in this case. The Court finds that notice of the Motion, the Objection and the Hearing is sufficient under the circumstances.

H. Good cause has been shown for the entry of this Order and for the Debtor's interim use of Cash Collateral. For reasons stated on the record and contained in this Order, the Court finds that Lender is adequately protected by the Debtor's interim use of cash collateral pursuant to the adequate protection provided by the terms of this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED as follows.

1. The Motion is **GRANTED** according to the terms and provisions of this Order.

2. Establishment of Cash Collateral Accounts. The Debtor shall provide for the establishment of one or more debtor-in-possession operating accounts wherein the Debtor shall deposit all Cash Collateral and not commingle with any funds that do not constitute Cash Collateral. All funds generated by Debtor's business and the Property constitute Cash Collateral except those funds pledged to American Express.

3. Authority To Use Cash Collateral. Pending the entry of a final order, the Debtor is authorized to use Cash Collateral through and including November 28, 2018 or a default event set forth below, whichever is earlier, to pay the actual and necessary expenses incurred in the ordinary course of its business operations or the maintenance of the Property, but only up to the amounts and to the extent said expenses are listed on the budget attached hereto as **Exhibit 1** (the

"**Budget**") or as the Court may specifically authorize pursuant to a separate Order entered by the Court.

(a) *Budget Amounts*. Absent the written consent of Lender or further order of this Court, the Debtor's use of Cash Collateral shall not exceed the aggregate monthly Budget amount for any given month. Such Budget amounts shall be cumulative over time such that if the Debtor does not spend the entire budgeted amount for a particular line item in any one month, the unused amount may be disbursed in a subsequent month for the same line item, but not for more than the total monthly Budget amount in any month without permission as set forth herein.

(b) *Prohibited Uses.* Except as allowed by a separate order of this Court, the Debtor shall not use Cash Collateral or any other property of the Debtor's estate to pay (i) pre-petition debts, (ii) obligations of the Debtor that are not an ordinary business expense and that are not listed on the Budget, (iii) insiders, with the exception of weekly salary owed to Saleem Delawalla in the amount of $1,250.00, Seleema Delawalla in the amount of $1,250.00 and Sameera Kahtri in the amount of $750.00, (iv) any entities, partnerships or other with which insiders have an affiliation or interest, (v) profit sharing agreements or partners, (vi) any personal expenses of officers, insiders, employees or other, or (vii) any attorneys, accountants, consultants or other professionals that have not been approved by motion to and order of this Court.

(c) *Excess Income*. All excess monies in the Debtor's possession not disbursed pursuant to the Budget shall be maintained by the Debtor in its debtor-in-possession operating account(s) and shall only be disbursed in accordance with any subsequent orders of this Court.

4. <u>Adequate Protection</u>. For the purpose of providing adequate protection required under the Bankruptcy Code to Lender for its interests in the Property and the Debtor's use of Cash Collateral, the Debtor shall provide or undertake the following:

(a) *Replacement Liens*. As a condition of Debtor's use of Cash Collateral, Lender is hereby granted a continuing additional first-priority security interest and lien (the "Replacement Liens") in and upon all of the now existing or after-acquired assets of Debtor (but excluding claims, causes of action and avoidance actions arising under the Bankruptcy Code, including but not limited to Sections 506(c), 544, 547, 548, 549 and 553 of the Bankruptcy Code) that are of the same type or nature of Property and Cash Collateral in which Lender holds a valid, perfected and non-avoidable security interest prior to the Petition Date. Such Replacement Liens shall have the same priority as the pre-petition liens of the Lender. No financing statement or other filing is required to perfect or continue the security interest acquired herein.

(b) *Cash Payments*. The Debtor shall make monthly payments to Lender in the amount of $4,900.00 per month commencing November 1, 2018.

(c) *Accounting*. Debtor shall provide to Lender's counsel, no later than November 5, 2018, a full accounting of all funds that have been deposited and spent by Debtor since the Petition Date including providing a copy of the pre-petition business bank account statement(s) that Debtor testified is still active, copies of Debtor's DIP bank account statements since inception of the accounts, and copies of all invoices, statements or other documentation that support the expenditures.

(d) *Financial Information*. The Debtor shall provide monthly to Lender's counsel and the United States Trustee's office a copy of the Debtor's monthly operating report required to be filed pursuant to the Bankruptcy Code and the Federal Rules of Bankruptcy procedure.

5. <u>Reservation of Rights</u>. Nothing in this Order shall be construed as a waiver by the Debtor or Lender of any rights, claims, defenses, or objections they may have (a) respecting the nature, amount, validity, priority or perfection of any pre-petition liens or security interests asserted against the Debtors or the Debtor's property, (b) respecting requests for relief from the automatic stay under 11 U.S.C. § 362(d), or (c) respecting demands for further adequate protection in addition to those provided by this Order.

6. <u>Default.</u> Each of the following shall be a violation of this Order: (a) failure of Debtor to pay the adequate protection payments described herein; (b) failure of Debtor to abide by non-payment terms, covenants or conditions of the Order or the Budget filed herewith; (c) failure of Debtor to timely pay the fees owed to the U.S. Trustee; (d) the appointment of a Chapter 11 Trustee; or (e) the conversion of this case to Chapter 7.

7. <u>Remedies Upon Default.</u> Upon the occurrence of an event of default, Lender may file an affidavit of default specifying the event. If Debtor disputes that an event of default has occurred, Debtor may file a contravening affidavit within five (5) calendar days of the date of the filing of Lender's affidavit. If no contravening affidavit is filed, then Debtor shall immediately cease using Cash Collateral, and the Court may enter an order prohibiting further use of Cash Collateral (Debtor is prohibited without the necessity of a Court order). If a contravening affidavit is filed, the Court shall set an expedited hearing.

8. <u>Final Hearing</u>. A final hearing on this Motion shall be held on **November 28, 2018, at 2 p.m., in Courtroom 1203, United States Courthouse, 75 Ted Turner Drive, Atlanta,**

**Georgia 30303**. All objections to this Order or the entry of a Final Order shall be heard at the final hearing. Debtor shall serve a copy of this Order within three (3) days of entry on the Lender, the U.S. Trustee, the twenty largest unsecured creditors, and any creditor who has filed a request for notice.

9. <u>Effective Date</u>. Notwithstanding Bankruptcy Rule 4001(a)(1), this Order is not stayed and shall be effective upon the date of entry on the docket.

**END OF DOCUMENT**

**-Exhibit 1 attached-**

| Prepared and presented by | Reviewed and approved by: |
|---|---|
| **JASON L. PETTIE, P.C.** | |
| /s/ | /s/                                             * |
| Jason L. Pettie, Attorney for Debtor | Lynn L. Carroll |
| Georgia Bar No. 574783 | Georgia Bar No. 460365 |
| P.O. Box 17936 | Golder Law, LLC |
| Atlanta, Georgia 30316 | 101 Village Parkway |
| Phone:  404-638-5984 | Building 1, Suite 400 |
| | Marietta, Georgia 30067 |
| | 404/252-3000 |
| | lcarroll@golderlawfirm.com |
| | Attorney for Ameris Bank |
| | *(signed by Jason L. Pettie with express permission given 10/31/18) |

No Opposition:

     /s/                                             *
Thomas W. Dworschak, Trial Attorney
Georgia Bar No. 236380
Office of the United States Trustee
Rm 362, Russell Federal Building
75 Ted Turner Dr SW
Atlanta, Georgia  30303
404-331-4437
Thomas.w.dworschak@usdoj.gov
*(signed by Jason L. Pettie with express permission given 10/31/18)

**Exhibit 1**
**Proposed Budget**

| | |
|---|---|
| **Rents** | |
| Rent for Mall of GA | $7,205.28 |
| Rent for Town Center @Cobb | $10,954.69 |
| Rent for Arbor Place-inline | $7,394.25 |
| Rent for Arbor Place-cart | $3,125.00 |
| Rent for Home Office | $1,238.78 |
| | **$29,918.00** |
| **Utilities** | |
| Mall of GA-AT&T | $109.23 |
| Town Center-AT&T | $177.25 |
| Town Center-Store Cleaning | $217.00 |
| Arbor Place-Trash | $34.13 |
| Arbor Place-AT&T | $102.66 |
| Home Office Security-ADT | $44.58 |
| Home Office-Trash | $47.58 |
| Home Office-Constellation | $97.67 |
| Home Office-GA Power | $285.17 |
| Home Office-Broadview | $142.35 |
| Home Office-Comcast | $177.00 |
| Home Office-Pest Control | $26.32 |
| | **$1,460.94** |
| **Supplies & Materials (average)** | **$4,240.00** |
| **Professional & Misc. Services** | |
| MarketPros | $25.00 |
| Appointment Pro App | $10.59 |
| Clover Lease | $299.97 |
| Hartford-WC | $607.59 |
| Krishnan & Co | $95.33 |
| Candela/Syneron | $667.00 |
| IPFS Corporation-GLL | $576.67 |
| Google Drive | $2.00 |
| Repairs & Maintenance | $200.00 |
| American Fire PBFS | $42.00 |
| Minuteman Press | $250.00 |
| Fuel & Delivery Expenses | $300.00 |
| | **$3,076.15** |
| **Credit Card Fees** | |
| Mall of GA | $961.64 |
| Town Center @Cobb | $714.61 |
| Arbor Place Mall | $858.98 |
| | **$2,535.23** |
| **Payroll** | |

| | |
|---|---|
| Average Monthly Payroll | **$32,880.00** |
| Proposed Adequate Protection Payment | **$4,900.00** |
| Projected Monthly Amount for Ch 11 Quarterly Fee | **$650.00** |
| **TOTAL PROJECTED MONTHLY EXPENSES** | **$79,660.32** |

Projected Cash Flow Based on:
2018 MONTHLY SALES: BEAUTIFUL BROWS LLC

| Month | MOG | TC | AP | Total |
|---|---|---|---|---|
| Jan | $25,895.00 | $25,289.00 | $22,968.00 | $74,152.00 |
| Feb | $27,926.00 | $26,980.00 | $26,274.00 | $81,180.00 |
| Mar | $35,967.00 | $32,915.00 | $33,833.00 | $102,715.00 |
| Apr | $30,693.00 | $31,816.00 | $26,953.00 | $89,462.00 |
| May | $35,294.00 | $32,365.00 | $30,573.00 | $98,232.00 |
| Jun | $31,044.00 | $29,140.00 | $29,276.00 | $89,460.00 |
| Jul | $31,340.00 | $28,921.00 | $28,104.00 | $88,365.00 |
| Aug | $31,644.00 | $27,881.00 | $29,149.00 | $88,674.00 |
| Sep | $29,639.00 | $23,306.00 | $26,282.00 | $79,227.00 |
| YTD Sales | $279,442.00 | $258,613.00 | $253,412.00 | $791,467.00 |
| Average Monthly Sales | $31,049.11 | $28,734.78 | $28,156.89 | $87,940.78 |

MOG = Mall of Georgia
TC = Town Center at Cobb
AP = Arbor Place

## DISTRIBUTION LIST

Beautiful Brows, LLC
5002 N Royal Atlanta Dr
Suite M
Tucker, GA 30084

Jason L. Pettie
Georgia Bar No. 574783
P.O. Box 17936

Lynn L. Carroll
Golder Law, LLC
101 Village Parkway
Building 1, Suite 400
Marietta, Georgia 30067

Thomas W. Dworschak,
Office of the United States Trustee
Rm 362, Russell Federal Building
75 Ted Turner Dr SW
Atlanta, Georgia  30303