

**IT IS ORDERED as set forth below:**

**Date: November 16, 2018**

_____

**Jeffery W. Cavender
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. **18-66766-jwc** |
| | ) | |
| **BEAUTIFUL BROWS LLC,** | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**CONSENT ORDER GRANTING AMERIS BANK'S
MOTION FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE**

Before the Court is *Ameris Bank's Motion For Appointment Of Chapter 11 Trustee* (the "**Motion**")[Doc. 11]. A hearing on the Motion was held on November 8, 2018 (the "**Hearing**"). The Parties, by and through counsel, have informed the Court that Debtor consents and the U.S. Trustee has no opposition to the Motion. Having reviewed and considered the Motion and the record, the Court finds cause to appoint a Chapter 11 Trustee, and it is hereby:

1

**ORDERED** that the Motion is **GRANTED**, and the United States Trustee (the "US Trustee") is directed to appoint, after consultation with parties in interest, and subject to approval of this Court, a Chapter 11 Trustee (the "Ch. 11 Trustee") with specific, limited powers and duties as set forth herein. The Ch. 11 Trustee and the Debtor will bifurcate the operation of Debtor's business. The Debtor will be responsible for and manage the day to day operations with Debtor's current management as it was conducted pre-petition with oversight by the Ch. 11 Trustee. The Ch. 11 Trustee will have exclusive financial management of Debtor's business and business accounts, and other duties and responsibilities set forth herein, including, but not limited to: (1) overseeing all financial management of Debtor's business including exclusively handling Debtor's business accounts and funds, paying all bills and obligations, reviewing and maintaining all financial record keeping and business accounts, and financial reporting to the Court, (2) investigating and prosecuting all estate causes of action against insiders or third parties on behalf of Debtor's estate, and (3) aiding Debtor and Debtor's counsel to prepare a feasible Chapter 11 plan.

Generally, the Ch. 11 Trustee's duties and responsibilities granted herein, as more specifically set forth below, shall include that the Ch. 11 Trustee shall be responsible for all financial matters such as managing Debtor's checking and other business accounts, paying all necessary bills and obligations, approving of the amount of and the payment of salaries, approving product orders, reviewing all cash receipts and deposits for each of Debtor's operating locations, maintaining a detailed list of inventory and equipment updated periodically by the Debtor, managing and approving all expenditures of estate assets, and completing and filing the Monthly Operating Reports that are due subsequent to appointment. Debtor's management, subject to the Ch. 11 Trustee's oversight, shall continue to serve in the operation role for

2

Debtor's business and shall report to the Ch. 11 Trustee on a regular and timely basis in the manner directed by the Ch. 11 Trustee.

Debtor shall immediately, after appointment of the Ch. 11 Trustee, cease using all funds and accounts and provide the Ch. 11 Trustee with access to any and all financial and business records requested by the Ch. 11 Trustee. Further, Debtor and Debtor's management shall provide to the Ch. 11 Trustee access to and/or copies of any and all business records of Debtor, any affiliate entities and personal financial records requested by the Ch. 11 Trustee that may support claims of the Debtor that finances belonging the Debtor were paid to those individuals and/or entities to be paid back to Debtor to cover operating expenses or paid to or for individuals, affiliate entities or third parties in the year prior to Debtor's bankruptcy filing. Debtor must also immediately produce to the Ch.11 Trustee copies of the last year of the bank account statements for Debtor's Wells Fargo business account that Debtor testified was closed earlier this year.

In furtherance of this Order, and until further Order from the Court, the Ch. 11 Trustee is hereby empowered to do the following:

A. **Authority of Limited Ch. 11 Trustee:** The Ch. 11 Trustee is authorized hereby to take the following actions and any action in furtherance of these actions:

1. to take immediate custody and control of Debtor's business finances and accounts, to confirm lists detailing all of Debtor's assets with the help of Debtor, and to retain all assets of Debtor's business except as set forth herein until further Order of this Court.

2. to pay from Debtor's accounts and other proceeds of the business the ordinary and necessary expenses of managing and running the business incurred from and after the date of this Order in compliance with any Cash Collateral Order of or Chapter 11 Plan approved by this Court.

3. to exercise any and all rights required to manage and control the finances and assets of Debtor's business, including but not limited to rights of entry, inspection and maintenance of the properties where the Debtor's businesses are located and the assets of each location.

3

4. to take immediate possession of all books and records regarding Debtor's bank accounts or parts thereof containing funds associated with the business and to open, transfer and change trade accounts if necessary relating to the operating business, so that all such accounts are in the name of or directed to the attention of the Ch. 11 Trustee;

5. to open and/or take possession of the DIP bank accounts or other depository accounts and set them up in the name of the Ch. 11 Trustee in connection with its duties under this Ch. 11 Trusteeship and to use the tax identification number of the Debtor for such purposes;

6. to grant access to or coordinate with Debtor to grant access to Ameris Bank to the business collateral at the business locations, home office or where ever it may be located for inspection and valuation with reasonable notice from Ameris Bank;

7. to generally do, execute and perform any other act, deed, matter or thing whatsoever that the Ch. 11 Trustee deems in its sole judgment ought to be done, executed or performed in order to preserve, protect or enforce the rights and interests of Debtor's business;

8. to prepare and file with this Court the required monthly operating reports of the Debtor;

9. to account to this Court for all assets and any irregular fund or asset transfers and financial activities of the business outside the ordinary scope of the business;

10. to hire counsel or other professionals, including, but not limited to, accountants and attorneys, subject to Court approval, to assist the Ch. 11 Trustee in the discharge of its duties.

11. to make demand upon, and collect, any accounts receivable that may exist or arise out of the operation of the business.

12. to investigate and prosecute any and all claims on behalf of the estate against insiders, affiliate entities or third parties.

B. **The Ch. 11 Trustee is not required:**

1. to manage the daily business activities at Debtor's business locations or Debtor's home office.

2. to hire and fire employees or independent contractors in the regular course of business at Defendant's business locations, although the Ch. 11 Trustee may require Debtor's management to terminate the employment of an employee if the Ch. 11 Trustee learns of negligence or malfeasance by an employee or should the Ch. 11 Trustee determine that an employee is unnecessary.

4

3. to manage the quantity of product inventory at Debtor's home office or the business locations or prepare product orders which should be submitted by Debtor to the Ch. 11 Trustee for approval prior to placing orders.

4. To resolve any customer, employee or supplier issues unless approval is needed for a refund greater than $25.00.

C. **Debtor's responsibilities and restrictions:** Until further order of this Court, or as otherwise provided herein, or until dissolution of the Ch. 11 Trusteeship established by this Order, the Debtor, its owners, officers, directors, partners, members, agents, independent contractors, affiliates, servants, attorneys and employees, and any other persons acting in concert or participation with the Debtor and business, or under the control of or on behalf of any of the Debtor and business, directly or indirectly, are:

1. enjoined from transferring, withdrawing, spending or otherwise disposing of any monies or assets of Debtor's business;

2. enjoined from removing, destroying, concealing, changing or altering in any manner any of the books or records relating to the Debtor and the business in any way, wherever they may be housed;

3. enjoined from taking any other action whatsoever, directly or indirectly, to hinder, obstruct or otherwise interfere with the Ch. 11 Trustee's performance of its duties under this Order.

4. required to provide the Ch. 11 Trustee access to and/or copies of all documentation set forth in section A as soon as the Ch. 11 Trustee makes the request;

5. required to complete a detailed list of Debtor's assets and inventory starting with the lists attached to or information provided in the bankruptcy schedules and keep the list updated at the direction of the Ch. 11 Trustee;

6. perform all duties and responsibilities necessary to cooperate with the Ch. 11 Trustee to ensure that all licenses required to operate Debtor's business are kept current.

7. responsible to manage the day to day business operation including, but not limited to, all employee scheduling, hiring and firing of employees, managing product inventory and ordering of inventory (which orders shall be approved by the Ch. 11 Trustee) and preparing all daily balance sheets, cash receipts and deposits for each of Debtor's business locations to be provided to the Ch. 11 Trustee pursuant to his or her instruction.

5

8. responsible to manage and resolve all customer complaints, employee complaints or supplier complaints; however, Debtor's managers and employees are not authorized to provide as a resolution a refund or any monetary payment greater than $25.00 without the Ch. 11 Trustee's approval.

9. report to Ch. 11 Trustee any business operations matter of which the Ch. 11 Trustee should be aware for efficient operation of Debtor's business.

D. **Items to Be Delivered to Ch. 11 Trustee:** The Debtor is hereby ordered to immediately turn over to the Ch. 11 Trustee, in an orderly fashion, the following:

1. any and all business, financial, banking and accounting records relating to Debtor's business whether in electronic or hard copy;

2. any and all business, financial, banking and accounting records relating to Debtor's managers' (Saleem Delawalla, Saleema Delawalla and Sameera Khatri) personal accounts to which any funds of the Debtor have been paid in the year prior to filing bankruptcy whether in electronic or hard copy;

3. any and all business, financial, banking and accounting records relating to Debtor's and Debtor's managers' affiliate entities' accounts to which any funds of the Debtor have been paid in the year prior to filing bankruptcy whether in electronic or hard copy;

4. all documents identifying any and all pending or potential litigation or claims;

5. a copy of all keys, keycards, passwords (both computer and bank account access), alarm codes, and any other keys or information necessary to access the business locations and the home office, all areas and all records;

6. all other records pertaining to the Debtor and Debtor's business required by the Ch. 11 Trustee in its sole judgment to perform its duties under this Order;

7. to the extent that any of the Debtor's representatives or employees are in possession of any of the property or assets concerning the business, all of those assets or information about where the assets may be located;

8. All documents concerning transfers or encumbrances of assets by the Debtor and the business (other than product sales in the ordinary course); and

9. All documents and other items which the Ch. 11 Trustee is required by this Order to take over pursuant to Section A herein or that the Ch. 11 Trustee requests which in his or her discretion is required to fulfill the duties in compliance with this Order.

6

E. **Cooperation with Ch. 11 Trustee:** The Debtor and any of its agents, representatives, employees and any other person associated with Debtor's business shall cooperate fully with the Ch. 11 Trustee in the conduct of his or her duties and shall immediately provide to the Ch. 11 Trustee any and all such information and access to any and all such people and records as the Ch. 11 Trustee shall request.

F. **Injunction of Interference or Hindrance:** Upon the entry of this Order, except as otherwise provided herein, and for so long as that the Ch. 11 Trustee is managing Debtor's business under the direction of this Court, and absent the entry of a separate Order by this Court granting express permission or relief to take the actions that are otherwise enjoined by this Order, the Debtor, together with all creditors and any other third parties receiving notice of this Order, are hereby **ENJOINED AND STAYED (a) from disposing, transferring, exchanging, assigning or in any way conveying any of the assets owned by the Debtor and the business and (b) from taking any action, directly or indirectly, to hinder, obstruct or otherwise interfere with the Ch. 11 Trustee in the performance of its duties**. This provision shall not apply, however, to any government authority seeking to exercise its police powers to protect the public health or safety. Given the urgency of the necessity to appoint a Ch. 11 Trustee, the Ch. 11 Trustee accepts this appointment without time for independent verification that appropriate insurance is in place on the assets of the business or that appropriate liability or other insurance is in place to protect the assets of the estate. Accordingly, the Court acknowledges that the Ch. 11 Trustee has no responsibility or liability until such time as the Ch. 11 Trustee can confirm that such insurance is in place or acquires the appropriate insurance; provided, however, the Ch. 11 Trustee will make it a priority to verify or obtain insurance coverage immediately upon

this Order Appointing Ch. 11 Trustee being entered. Specifically, Ch. 11 Trustee will have 30 days to complete his review of all available insurance coverage from the date of this Order. It is acknowledged that there may be a gap of time before such insurance may be in place to properly protect the assets of the estate and any employees of the estate, and that the Ch. 11 Trustee has no liability (except due to gross negligence or intentional misconduct) until such time as he/it has notified the Court by filing a notice that insurance is in place immediately after securing such insurance; provided that the Ch. 11 Trustee has responsibility to immediately obtain insurance if not in place. The Court Orders the Debtor to immediately provide the Ch. 11 Trustee with all available insurance information for both existing and prior insurance policies. This includes all applications, policies, riders, correspondence, endorsements, claims and other information. The Court further orders the Debtor:

    (a)    to advise the insurance agent(s) of this Order in writing,

    (b)    designate all authority over the policies to the Ch. 11 Trustee, and

    (c)    take no action with regard to terminating or modifying existing insurance policies until Ch. 11 Trustee obtains separate insurance coverage, it being understood that Ch. 11 Trustee is directed to obtain appropriate coverage within 30 days from the date of this Order.

**G.**    **Cooperation By Insurance Carriers:** Any insurance broker, agent, carrier, or underwriter is specifically Ordered by the Court to cooperate with the Ch. 11 Trustee by timely furnishing the following:

    (a)    copies of all insurance policies including any riders, endorsements and applications with respect to policies related to the Debtor's estate;

8

        (b)     loss history for five consecutive years or for as long as insurance has been in force if less than five years;

        (c)     premium payment history including current status; and

        (d)     any correspondence between the Debtor or Debtor's representative(s) and its insurance agents, brokers and companies.

H.    **No Ownership By Ch. 11 Trustee:** Nothing contained within this Order, nor the grant of exercise of any power provided for herein by the Ch. 11 Trustee shall cause the Ch. 11 Trustee to be considered a past or present owner, operator, or other potentially responsible or liable party pursuant to any provision of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601, *et seq.*; the Hazardous Site Response Act (HSRA), O.C.G.A. §§ 12-8-90, *et seq.*; or incur liability based on ownership or operation of Debtor's business pursuant to any other statutory, regulatory, common law or strict liability theory. Furthermore, to the extent hazardous substances, wastes, or constituents are known or discovered to be present upon the property where the businesses are located (or any portion thereof), the Ch. 11 Trustee shall not be considered to be in any direct or indirect contractual relationship with any party responsible for such substances, wastes, or constituents pursuant to CERCLA and/or HSRA, and shall instead be considered to be acting solely in a "fiduciary capacity" pursuant to 42 U.S.C. § 107(n) of CERCLA and § 12-8-92(7)(C) of HSRA.

I.    **Compensation of Ch. 11 Trustee:** The Ch. 11 Trustee shall be compensated for services provided pursuant to this and any further Court Order from the funds of the bankruptcy estate once the fees are submitted and approved by this Court.

Any stipulation further defining the Ch. 11 Trustee's duties which may be presented to the Court by the Ch. 11 Trustee, the US Trustee, the Debtor, Movant, or any other creditors, or any dispute over or clarification of this Order will be entertained by the Court on request of a party in interest.

**END OF DOCUMENT**

| Prepared and presented by: | Reviewed and approved by: |
|---|---|
| __/s/_____ | __/s/_____ |
| Lynn L. Carroll | Jason L. Pettie, Attorney for Debtor (wep llc) |
| Georgia Bar No. 460365 | Georgia Bar No. 574783 |
| Golder Law, LLC | P.O. Box 17936 |
| 101 Village Parkway | Atlanta, Georgia 30316 |
| Building 1, Suite 400 | Phone:  404-638-5984 |
| Marietta, Georgia 30067 | |
| 404/252-3000 | |
| lcarroll@golderlawfirm.com | |
| Attorney for Ameris Bank | |

No Opposition:

__/s/_____
Thomas W. Dworschak, Trial Attorney (wep llc)
Georgia Bar No. 236380
Office of the United States Trustee
Rm 362, Russell Federal Building
75 Ted Turner Dr. SW
Atlanta, Georgia 30303
404-331-4437
Thomas.w.dworschak@usdoj.gov

10