**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **In re:**<br><br>**BEAUTIFUL BROWS, L.L.C.**<br><br>    Debtor. | **CHAPTER 11**<br><br>**CASE NO. 18-66766** |

**MOTION OF CREDITOR SIMON PROPERTY GROUP, L.P. FOR AN ORDER
COMPELLING DEBTOR TO IMMEDIATELY PAY POST-PETITION RENT
OR, ALTERNATIVELY, LIFTING THE AUTOMATIC STAY**

COMES NOW, Simon Property Group, L.P., (the "Landlord"), by its attorneys, Hall Booth Smith, P.C., hereby files this motion for entry of an order (i) compelling Beautiful Brows, L.L.C., (the "Debtor") to immediately pay all post-petition rent and related charges due and owing under certain non-residential real property Leases to the Landlord or, in the alternative, (ii) deeming the Leases rejected and lifting the automatic stay to allow the Landlord to continue with its state dispossessory proceedings and to evict the Debtor from possession of the subject Premises (defined below), and (iii) requiring the Debtor to reimburse the Landlord for its reasonable attorneys' fees and costs as warranted by the provisions of the Leases. In support of the Motion, the Landlord respectfully states as follows:

**PRELIMINARY STATEMENT**

1.

The Debtor is in default of its obligations to the Landlord under the Leases. The Debtor has not paid post-petition rent and related charges to the Landlord in direct violation of section

1

365(d)(3) of the Bankruptcy Code, which requires the Debtor to timely pay all post-petition obligations. The Debtor continues to occupy the Premises as a Debtor in possession. The Landlord requests that the Court effectuate the intent of the Bankruptcy Code and (i) compel the Debtor to immediately pay to the Landlord all post-petition rent and related charges due under the terms of the Leases or, in the event the Debtor is unable to make such payments, or (ii) deem the Leases rejected and lift the automatic stay to allow the Landlord to evict the Debtor from possession of the Premises, and (iii) requiring the Debtor to reimburse the Landlord for its reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BASIS FOR RELIEF

3.

The statutory basis for the relief requested herein are sections 365(d)(3), 105(a), and 362(d)(1) of the Bankruptcy Code.

## BACKGROUND

4.

On October 3, 2018 (the "Petition Date"), the Debtor filed a chapter 11 voluntary petition. Since the Petition Date, the Debtor has continued to manage its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5.

The Landlord is the owner or managing agent of numerous shopping centers located throughout the United States. The Debtor leases retail space from the Landlord pursuant to written leases (the "Leases") at the locations identified on the chart below (the "Premises").[1] The Premises are each located in a shopping center as that term is defined in section 365(b)(3) the Bankruptcy Code. *See In re Joshua Slocum, Ltd.,* 922 F.2d 1081 (3d Cir. 1990).

6.

The Leases require the Debtor to pay rent to the Landlord, in advance, on the first day of each calendar month. The Leases also require the Debtor to pay related charges, including common area maintenance, media fund, promotion fund and real estate taxes. (*See* Exhibit A).

7.

On or about September 5, 2018, the Landlord, by and through counsel, filed a Dispossessory Proceeding in the Magistrate Court of Cobb County against the Debtor for the Town Center Cobb property due to the Debtor's failure to pay rent. At the time the Dispossessory Proceeding was filed, the Debtor owed approximately $22,909.38 in past due rent with approximately $365.16 in rent accruing daily thereafter. A hearing on the matter was scheduled for October 5, 2018. However, the hearing never occurred due to the Debtor's filing of its Chapter 11 Petition on October 3, 2018.

8.

On or about September 11, 2018, the Landlord, by and through counsel, filed an Amended Dispossessory Proceeding in the Magistrate Court of Gwinnett County against the Debtor for the Mall of Georgia property due to the Debtor's failure to pay rent. At the time the

---

[1] Copies of Leases are available upon written request.

3

Dispossessory Proceeding was filed, the Debtor owed approximately $11,634.84 in past due rent with approximately $241.70 in rent accruing daily thereafter. After the conclusion of the hearing on October 3, 2018, the state magistrate court entered an order resetting the dispossessory hearing for November 14, 2018 due to an agreement reached in open-court between the Landlord and the Debtor, as a result of which the Debtor tendered funds to the Landlord and agreed to a payment plan for past-due rent. The state magistrate court entered an Order Regarding Stay in Bankruptcy on November 16, 2018.

9.

The Debtor has not paid to the Landlord post-petition rent and related charges as reflected on the chart below. A detailed breakdown of these amounts is attached hereto as <u>Exhibit A</u>.

| Mall Name | Location | Landlord Name | Stub Rent Owed | Post-Petition Amount Owed |
|---|---|---|---|---|
| Mall of Georgia | Buford, GA | MALL OF GEORGIA, L.L.C., a Delaware limited liability company | $4,990.14 | $14,721.64 |
| Town Center at Cobb | Kennesaw, GA | TOWN CENTER AT COBB, LLC, a Delaware limited liability company | $10,250.11 | $11,347.05 |
| Total | | | $15,240.25 | $26,068.69 |

10.

The Debtor has continually failed to pay post-petition rent and related charges and has failed to fulfill its obligations to pay such rents and charges pursuant to section 365(d)(3) of the Bankruptcy Code. As of the date of this Motion, the Debtor remains in possession of the Premises despite its failure to pay post-petition rent and related charges.

**RELIEF REQUESTED**

11.

The Landlord requests entry of an order (i) compelling the Debtor to immediately pay to the Landlord all post-petition rent and related charges due and owing under the Leases or, in the alternative, (ii) deeming the leases rejected and lifting the automatic stay to allow the Landlord to continue its dispossessory proceedings and evict the Debtor from possession of each of the Premises, and (iii) requiring the Debtor to reimburse the Landlord for its reasonable attorneys' fees and costs as contemplated in the Leases.

**GROUNDS FOR RELIEF REQUESTED**

**I.  THE DEBTOR MUST PAY POST-PETITION RENT PURSUANT TO SECTION 365(d)(3) OF THE BANKRUPTCY CODE**

12.

The plain language of the Bankruptcy Code compels the Debtor to pay post-petition rent and related charges to the Landlord. Section 365(d)(3) of the Bankruptcy Code provides in relevant part:

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. § 365(d)(3).

13.

The objective of section 365(d)(3) of the Bankruptcy Code is straightforward – it requires that landlords receive timely compensation for the post-petition, pre- rejection use and occupancy of the landlord's property at the contract rate specified in the leases, rather than the landlords having to wait for payment of administrative claims under section 503(b)(1) of the

5

Bankruptcy Code. *See In re Pacific-Atlantic Trading Co.*, 27 F.3d 401, 403-04 (citing 130 Cong. Rec. § 8894-95 (daily ed. June 29, 1984) (remarks of Sen. Hatch); *In re Wingspread Corp.*, 116 B.R. 915, 925 (Bankr. S.D. N.Y. 1990); *In re Rare Coin Galleries of America, Inc.*, 72 B.R. 415, 416 (Bankr. D. Mass. 1987) (ordering the trustee to *immediately* pay all rent due in the sixty-day post-petition performance period provided in 11 U.S.C. § 365(d)(3)). "The fundamental principle of § 365(d)(3) is that landlords, like other post- petition creditors, should receive full and timely payment for post-petition services. This achieves fairness both for landlords and for bankruptcy cases." *In re NETtel Corp. Inc. & NETtel Comm., Inc.*, 289 B.R. 486, 490 (Bankr. D.C. 2002). (citation omitted). Thus, the Landlord is not required to provide post-petition services without current payments for those services. *See In re Trak Auto Corp.*, 277 B.R. 655, 662 (Bankr. E.D. Va. 2002). In addition, the Debtor "is not entitled to shirk timely performance of [its] rent obligations based on the uncertain possibility that the obligation may turn out to be an obligation arising post-rejection." *In re NETtel Corp. Inc.*, 289 B.R.. at 496.

14.

The Debtor's failure to pay rent and related charges under the Leases violates section 365(d)(3) of the Bankruptcy Code. There is no legal basis for the Debtor's failure to pay while remaining in possession of the Premises. Accordingly, the Landlord requests an order compelling full and immediate payment of all post-petition rent and related charges due and owing by the Debtor under the Leases. *See In re Brennick*, 178 B.R. 305 (Bankr. D. Mass. 1995) (exercising the bankruptcy court's inherent power under section 105(a) to order immediate payment of post-petition, pre-rejection rents); *In re Telesphere Communications, Inc.*, 148 B.R. 525, 532 (Bankr. N.D. Ill. 1992) (ordering debtor to pay *immediately* the rent that it was obligated under 11 U.S.C. § 365(d)(3) to pay landlord creditor). Furthermore, the Landlord

requests that this Court enter an order providing for immediate rejection of the lease if the Debtor fails to make immediate payment of all post-petition rent and related charges. *See e.g., NETtel*, 289 B.R. at 496 (stating that as to a debtor who did not pay rent, "the court could have ordered the payment of December rent in full, with immediate rejection the consequence of a failure to pay").

## II. THE AUTOMATIC STAY SHOULD BE LIFTED TO ALLOW THE LANDLORD TO CONTINUE ITS DISPOSSESSORY PROCEEDINGS AND TO EVICT THE DEBTOR FROM POSSESSION OF THE PREMISES

15.

Alternatively, because the Debtor failed to pay rent pre-petition and has failed to pay current post-petition rent and related charges, the Landlord requests an order lifting the automatic stay to allow the Landlord to evict the Debtor from possession of the Premises. *In re Microvideo Learning Systems*, 254 B.R. 90, 93 (Bankr. S.D.N.Y. 1999) (remedies available to landlord under section 365(d)(3) include a motion to lift the automatic stay or requiring the debtor to surrender the premises).

16.

Section 362(d) of the Bankruptcy Code provides:

On request of a party in interest, and after notice and a hearing, the court shall grant relief from the automatic stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or modifying such stay – (1) for *cause*. . . .

11 U.S.C. 362(d).

17.

Failure to pay rent and related charges is sufficient cause to terminate the automatic stay. *In re Flabeg Solar US Corp.*, 499 B.R. 475, 483 (Bankr. W.D. Pa.2013) (determining that creditor met its burden of showing "cause" for relief from the automatic stay because debtor

failed to make rent payments since the petition date and creditor continued to incur expenses on the lease).

18.

Essentially, the Landlord's interest in the property is not adequately protected due to the Debtor's failure to pay post-petition rent. Furthermore, the Landlord has received no adequate assurance from the Debtor that that it can or will cure its pre-petition defaults, cure its post-petition defaults, and be able to perform its future obligations under the leases. *See In re Knight Jewelry*, 168 B.R. 199, 203 (Bankr. W.D. Mo. 1994). It is important to note that the burden of showing adequate assurance of performance of a shopping center lease requires the debtor to show (1) the source of rent, (2) that any percentage rent due under the lease will not decline substantially, (3) that debtor's assumption of the lease is subject to all provisions of the lease, and (4) assumption of the lease will not disrupt any tenant mix or balance in the shopping center. 11 U.S.C. § 365(b)(3). At this point in time, the Debtor has not assumed or rejected the lease. Furthermore, the Debtor has not provided the type of adequate assurance required by section 365(b)(3) of the Bankruptcy Code.

19.

From the petition date to December 5, 2018, the Debtor owes a total of $15,240.25 in stub rent and $26,068.69 for both the Mall of Georgia property and the Town Center property. The Debtor's failure to perform its obligations under section 365(d)(3) despite remaining on the Premises combined with the Landlord continuing to incur expenses in connection with the properties are sufficient to show cause under section 362 of the Bankruptcy Code. *In re Flabeg Solar U.S. Corp.*, 499 B.R. at 483. Therefore, the Landlord requests that this Court enter an

8

order lifting the automatic stay to allow the Landlord to continue its Dispossessory Proceedings and to evict the Debtor from possession of the Premises.

20.

As an alternative theory for cause, the Landlord contends that the Debtor's Chapter 11 Petition was filed in bad faith. A bad faith filing can constitute cause for relief from the automatic stay. *In re Knight*, 168 B.R. at 202. A debtor cannot reap the benefits and protections of the Bankruptcy Code while simultaneously disregarding its obligations to creditors under the same. *Id.* A debtor must, at a minimum, abide by the provisions of the Bankruptcy Code. *Id.*

21.

The facts surrounding the filing of the Debtor's Chapter 11 petition suggest that it was filed in bad faith. On the morning of the petition date, the Debtor agreed with the Landlord before the Magistrate Court of Gwinnett County to a payment plan and tendered funds to the Landlord to bring the default on the Mall of Georgia Property close to current. Based on those representations, the Landlord agreed to continue the dispossessory hearing on the Mall of Georgia property until a later date. The Debtor then filed its petition hours after such agreement and less than 48 hours prior to the dispossessory hearing before the Magistrate Court of Cobb County on the Town Center at Cobb Property. The timing of the Debtor's filing of its petition coupled with its continued failure to pay post-petition rent shows an intent to evade the requirements of the Leases by filing a bankruptcy petition. Furthermore, the Debtor is currently benefiting from the protections of the automatic stay and continuing to occupy the subject Premises without fulfilling its obligations under section 365(d)(3). "When debtors flout the code, they lose their protection from creditors and relief from the automatic stay will be granted." *In re Knight Jewelry*, 168 B.R. at 202. Therefore, the Landlord requests that this Court

9

enter an order deeming the leases rejected and lifting the automatic stay to allow the Landlord to continue its Dispossessory Proceedings and to evict the Debtor from possession of the Premises.

### III. THE LANDLORD IS ENTITLED TO REIMBURSEMENT OF ITS REASONABLE ATTORNEYS' FEES

22.

In addition, attorneys' fees due under the Leases are compensable. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Crown Brooks Corp.*, 269 B.R. 12, 16 (2001); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). Accordingly, the Debtor must reimburse the Landlord for its reasonable attorneys' fees and costs incurred in preparing and prosecuting the Motion due to the Debtor's failure to comply with the terms of the Leases and section 365(d)(3) of the Bankruptcy Code. Landlord will prove the total amount of reasonable attorneys' fees and cost incurred in connection with the Motion at the hearing.

### CONCLUSION

23.

WHEREFORE, the Landlord respectfully requests that this Court enter an order (i) compelling the Debtor to pay post-petition rent and related charges immediately to the Landlord within three business days of the Court granting the relief requested herein, or, in the alternative, (ii) deeming the leases rejected and lifting the automatic stay to allow the Landlord to evict the Debtor from possession of the Premises, and (iii) requiring the Debtor to reimburse the Landlord for its reasonable attorneys' fees and costs, and (iv) granting such other and further relief as this Court deems just and proper.

*[Signature Page to Follow]*

Respectfully Submitted this 21st day of December, 2018.

                                              **HALL BOOTH SMITH, P.C.**

                                          By:    /s/ *Nicholas J. Garcia*

                                          Nicholas J. Garcia
                                          Georgia Bar No. 863498
                                          Hall Booth Smith, P.C.
                                          1301 1st Avenue
                                          Suite 100
                                          Columbus, GA 31901
                                          706-243-6254
                                          ngarcia@hallboothsmith.com

                                          *ATTORNEY FOR CREDITOR AND PARTY-IN-INTEREST SIMON PROPERTY GROUP, L.P.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 21, 2018, a true and correct copy of the foregoing document was served by electronic submission through the Court's automated Case management and Electronic Docketing System for the U.S. Bankruptcy Court of the Northern District of Georgia, and/or by first class mail, postage prepaid to those parties-in-interest listed on the attached service list.

By: /s/ *Nicholas J. Garcia*

Nicholas J. Garcia
Georgia Bar No. 863498
Hall Booth Smith, P.C.
1301 1st Avenue
Suite 100
Columbus, GA 31901
706-243-6254
ngarcia@hallboothsmith.com

SERVICE LIST

| | |
|---|---|
| Beautiful Brows, LLC<br>5002 North Royal Atlanta Drive<br>Suite M<br>Tucker, Georgia 30084 | Jason L. Pettie<br>Jason L. Pettie, PC<br>Post Office Box 17936<br>Atlanta, Georgia 30316<br>jasonpettie@gmail.com |
| Thomas W. Dworschak<br>Office of the United States Trustee<br>362 Richard Russell Building<br>75 Ted Turner Drive<br>Atlanta, Georgia 30303<br>Thomas.w.Dworschak@usdoj.gov | American Express<br>Zwicker & Associates PC<br>80 Minute Man Road<br>Andover, MA 01810-1008 |
| Hays Financial Consulting, LLC<br>S. Gregory Hays<br>Suite 555<br>2964 Peachtree Road<br>Atlanta, GA 30305 | Internal Revenue Service<br>Post Office Box 7346<br>Philadelphia, Pennsylvania 19101-7346 |
| Brookfield Property REIT Inc.<br>Kristen N. Pate<br>350 N. Orleans St., Suite 300<br>Chicago, IL 60654-1607 | Minal Patel<br>4141Oxcliff Grove<br>Suwanee, Georgia 30024-6598 |
| FC Marketplace, LLC<br>*c/o* Potter & Martin, LLP<br>3945 Holcomb Bridge Rd., Suite 300<br>Peachtree Corners, GA 30092 | ARY Investments<br>304 Kent Valley Circle<br>Tucker, Georgia 30084-8493 |
| Arbor Place II LLC<br>c/o Scott M. Shaw<br>835 Georgia Avenue, Suite 800<br>Chattanooga, Tennessee 37402-2225 | First Data Merchant Cash Advance<br>400 Corral Ridge Drive, MS C-230<br>Coral Springs, Florida 33065 |
| Kena Patel<br>1455 Satellite Boulevard<br>Apartment 2207<br>Suwanee, Georgia 30024-4841 | Maheswari Gautam<br>5404 Keeport Drive<br>Apartment 5<br>Pittsburg, Pennsylvania 15236-3041 |
| Quarterspot<br>*c/o* Simon & Kokolis, LLC<br>110 N. Washington Street, Suite 500<br>Rockville, Maryland 20850-2230 | American Express<br>AllTran Financial<br>Post Office Box 722929<br>Houston, Texas 77272-2929 |
| | |

| | |
|---|---|
| Pareen Patel<br>642 Cobb Parkway South<br>Marietta, Georgia 30060-9219 | Virna Ahuja<br>805 Aberlady Place<br>Birmingham, Alabama 35242-6090 |
| Ascentium Capital<br>23970 Highway 59N<br>Kingwood, Texas 77339-1535 | Shamsur Nahar<br>5885 Princeton Run Trail<br>Tucker, Georgia 30084-8462 |
| CBL & Associates Management, Inc.<br>c/o Attorney Adam S. Buddenbohn<br>Attorney Ariel N. Anthony<br>Attorney Caleb T. Holzafpel<br>736 Georgia Avenue, Suite 300<br>Chattanooga, TN 37402 | Kusumben Patel<br>3543 *#A* Old Chamblee Tucker Road<br>Doraville, Georgia 30340-4175 |
| Ameris Bank<br>c/o Mark Golder<br>Golder Law LLC<br>101 Village Pkwy<br>Building 1, Suite 400<br>Marietta, GA 30067 | Nazur Aktar<br>5885 Princeton Run Trail<br>Tucker, Georgia 30084-8463 |
| Riverchase Galleria<br>Lightfoot, Franklin & White<br>400 20th Street N<br>Birmingham, Alabama 35203-3200 | Salima Dedani<br>3186 Yorkleigh Lane<br>Snellville, Georgia 30078-3235 |
| US Securities & Exchange Commission<br>Office of Reorganization<br>Suite 900<br>950 E. Paces Ferry Road NE Atlanta, Georgia 30326-1382 | Secretary of the Treasury<br>15th & Pennsylvania Avenue NW<br>Washington, DC 20200 |
| Gwinnett Place Mall *GA* LLC<br>9101Alta Drive, Suite 1801<br>Las Vega, Nevada 89145-8546 | Lenox Square Mall<br>Phipps Plaza<br>*c/o* Lisa Harper<br>3340 Peachtree Road, Suite 250<br>Atlanta, Georgia 30326 |
| DLI Assets Bravo, LLC<br>c/o Thomas J. Kokolis<br>110 N. Washington St., Suite 500<br>Rockville, MD 20850-2230 | Minal Hitesh Patel<br>c/o Rushi Patel<br>The Patel Law Group, LLC<br>1995 N. Park Pl., SE<br>Atlanta, GA 30339 |
| Mohammad Ali<br>435 Gavenwood Drive<br>Lilburn, GA 30047 | Vimal Ahuja<br>805 Aberlady Place<br>Birmingham, AL 35242-6090 |
| Georgia Department of Revenue | |

14

| | |
|---|---|
| Compliance Division<br>Bankruptcy Section<br>1800 Century Blvd. NE, Suite 9100<br>Atlanta, GA 30345-3205 | |

66594004-1

15