IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. **18-66766-**JWC |
| | ) | |
| **BEAUTIFUL BROWS LLC,** | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**MOTION (A) FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR
OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (B) TO ASSUME
AND ASSIGN CERTAIN EXECUTORY CONTRACTS; AND
(C) TO ESTABLISH PROCEDURES WITH RESPECT TO SUCH SALE**

NOW COMES the above captioned debtor, by and through its attorney, along with the appointed Chapter 11 Trustee S. Gregory Hays (the "Trustee") and hereby submits this joint motion pursuant to 11 U.S.C. § 363 (the "Motion") requesting entry of an Order that will provide for the sale of substantially all of the Debtor's business assets, and respectfully show the Court as follows.

**Jurisdiction, Venue, & Statutory Predicates**

1.      This Court has jurisdiction over this Application under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A), (N) and (O). Venue of this case and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9006, and 9007.

**Background**

2.      On October 3, 2018 (the "**Petition Date**"), Beautiful Brows, LLC (the "**Debtor**"), commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330, *et seq.* (the "**Bankruptcy Code**").

3.      On November 21, 2018, Trustee was appointed as Chapter 11 Trustee pursuant to the Court's consent order entered on November 16, 2018 [Doc. No. 43].

4. The Debtor ran a successful beauty and personal services business for over ten years, and had expanded to operate eight separate locations, however due to decreased foot traffic at certain malls in which the Debtor leased space, the Debtor had to close several of its locations which were losing money. Upon falling behind on its loan payments and facing a dispossessory action at one of its key remaining locations, the Debtor filed this case.

5. The Debtor's business has continued to operate since the Petition Date, and the Trustee has worked to streamline the Debtor's financial affairs and to reduce operating expenses such that the Debtor has two remaining locations – (i) a retail store at Arbor Place Mall in Douglasville, Georgia leased from CBL & Associates Management, Inc. (the "**CBL Lease**") and (ii) a retail store at the Mall of Georgia in Buford, Georgia leased from Simon Property Group, L.P. (the "**Simon Lease**").

6. Pursuant to this Court's Order entered on May 2, 2019 [Doc. No. 121], Trustee employed Southeastern Business Intermediaries, LLC ("**Broker**") to serve as business broker in this case.

7. Broker has been working to market and sell the Debtor's assets, which included gathering extensive data from the Debtor's business and conveying this information to interested parties. Broker marketed the Debtor's business through an internet listing, and Broker contacted prospective purchasers that Broker thought would be interested in acquiring the Debtor's business. Broker's efforts have produced an offer to purchase substantially all of the Debtor's business assets for $150,000.00.

8. Trustee has received that certain asset purchase agreement filed herewith as Exhibit "A" and incorporated herein by reference (the "**Purchase Agreement**"). Under the terms of the Purchase Agreement, the Business Assets are to be sold, as is/where is, to Uma

Adhikari Subdei and Reshma Pirani (collectively the "**Purchaser**"), or a corporate entity that Purchaser may designate for this business venture.

9. Purchaser is a bona fide purchaser and not an insider of the Debtor. Purchaser has provided earnest money in the amount of $5,000.00

### Relief Requested

10. By this motion, pursuant to sections 363(b)(1) and (f) of the Bankruptcy Code, the Debtor and the Trustee seek this Court's authorization and approval to sell the Business Assets free and clear of all liens, claims, encumbrances, and interests, subject to higher and better offers as may be received prior to or at the hearing on this Motion.

11. Trustee submits that the proposed sale is in best interest of the estate, because the Business Assets have been actively marketed and further efforts to market the Business Assets do not appear likely to generate any substantial net gain

12. Section 363(f) of the Bankruptcy Code authorizes a trustee to sell property under Section 363(b) free and clear of any interest in such property if, among other things: (i) the price at which the property is to be sold is greater than the aggregate of the liens on such property; (ii) the interests are subject to a bona fide dispute; (iii) the entities asserting liens on the property consent to its sale; or (iv) the entities asserting liens on the property could be compelled in a legal or equitable proceeding to accept a money satisfaction of their interests. *11 U.S.C. § 363(f) (2015)*. Specifically, that code section provides:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if-
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or

    (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

*Id.*

13. The proposed sale of the Property is one not in the ordinary course of business, as provided by 11 U.S.C. §363(b). Any lien to the extent valid, perfected, enforceable and unavoidable will attach to the proceeds of the sale as provided by 11 U.S.C. § 363(f).

14. The Debtor is indebted to Ameris Bank ("**Ameris**") pursuant to a revolving line of credit loan dated August 8, 2016 in the original amount of $679,000 (the "**Ameris Loan**") and Ameris appears to have a properly perfected lien by virtue of a UCC recorded on or about August 10, 2016. Accordingly, the Ameris Loan is secured by substantially all property of the Debtor, including cash on hand, accounts receivable, inventory and income derived from the Debtor's business. Ameris has filed a secured proof of claim in the amount of $703,946.57 [Claim No. 1].

15. There appears to be other recorded blanket liens including the following:

 a. Lien held by Circle Lending, L.P. (as evidenced by a UCC recorded June 22, 2015), however it is believed that this lien may have been paid off at the closing for the Ameris Loan even though a cancellation has not been recorded.

 b. Lien held by American Express Bank, FSB (as evidenced by a UCC recorded February 17, 2016), however it is believed that this lien may have been paid off at the closing for the Ameris Loan even though a cancellation has not been recorded.

 c. Lien held by CT Corporation System (as evidenced by a UCC recorded February 15, 2017), however it is believed that this was originally a loan with Ascension Capital and that the loan may have been paid off at the closing for the Ameris Loan even though a cancellation has not been recorded.

 d. Lien held by Arbor Place II, LLC (as evidenced by a UCC recorded on June 13, 2017)

 e. Lien held by DLI Assets Bravo, LLC ("DLI")as successor in interest to Quarterspot, Inc. (as evidenced by a UCC recorded December 11, 2017, however it is believed that this was originally a loan with Ascension Capital and that the loan may have been paid off at the closing for the Ameris Loan even though a cancellation has not been recorded. DLI has filed a proof of claim in the amount of $161,583.56 [Claim No. 2]

16. Additionally, certain other creditors have filed secured claims in this case including the following:

   a. FC Marketplace, LLC filed a secured claim in the amount of $327,798.78 [Claim No. 4]
   b. Gwinnett Place Mall GA LLC filed a secured claim in the amount of $41,846.10 [Claim No. 12].

**Assumption and Assignment of Unexpired Non-Residential Leases**

17. The proposed sale of the Business Assets requires the assignment of both the CBL Lease and the Simon Lease. On May 1, 2019, Debtor and the Trustee filed a motion to assume and assign the Simon Lease [Doc. No. 119] which is currently scheduled for hearing on May 23, 2019. With this Motion, the Debtor and the Trustee also move to assume and assign the CBL Lease pursuant to section 365(f) of the Bankruptcy Code.

18. In evaluating a Debtor's decision to assume or reject an executory contract or unexpired lease, courts have applied the "business judgment" standard and have approved a debtor's proposed rejection if such rejection benefits the estate. *See Byrd v. Gardinier, Inc. (In re Gardinier, Inc.)*, 831 F.2d 974, 976 n.2 (11th Cir. 1987) (stating that the "only limitation on the trustee's discretion is that it is subject to court approval. However, since court's review a trustee's decision to assume or reject a contract under a traditional "business judgment" standard the scope of the review in this area is narrow.") *See Herrera-Edwards v. Bernard Edwards Co., LLC (In re Herrera-Edwards)*, 580 B.R. 565, 572 (M.D. Fla. 2017)

19. In applying the "business judgment" standard, courts show great deference to a debtor's decision to assume or reject an executory contract or unexpired lease. In fact, as long as the debtor's decision to assume or reject is a reasonable exercise of business judgment, courts should approve the assumption or rejection of an executory contract or unexpired lease. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523-24 (1984).

20. Trustee expects the Purchaser to pay the cure costs, and the Trustee believes that his decision to assume and assign the CBL Lease and the Simon Lease is well within the scope of his business judgment and will benefit the estate.

21. Further, section 365(f) provides the statutory basis for the assignment of executory contracts or unexpired leases if (a) the debtor assumes the contract or lease in accordance with section 365 and (b) there is adequate assurance of future performance by the assignee (i.e. the buyer will pay). Accordingly, Purchaser agrees to provide both proposed landlords with adequate assurance of future performance.

## Sale Procedures

22. In order to maximize the value received for Business Assets, this proposed sale is subject to higher and better offers that may be received prior to or at the hearing on this Motion. With respect to potential competing bids, the Debtor and Trustee seek to establish the following procedures for interested buyers:

   a. Interested buyers must agree to purchase the Business Assets on substantially the same terms as those set forth in the Purchase Agreement;

   b. Interested buyers must submit a bid of no less than $160,000.00;

   c. Interest buyers must be able to provide Trustee with a deposit of at least ten percent (10%) of their proposed purchase price at the hearing on this Motion;

   d. Should any competing bids be received, the Debtor and Trustee request that the Court hold an auction at the hearing on this Motion, with interested buyers participating in person or by telephone;

   e. At the beginning of such an auction, Trustee will announce the highest and best bid received prior to the hearing, and interested buyers will have an opportunity to increase their offers pursuant to terms proposed by the Trustee

and approved by the Court. At the conclusion of the auction, the Trustee shall determine the highest and best offer for the Business Assets.

23. Trustee proposes to close the sale of the Business Assets within twenty-four (24) hours of the hearing on this Motion.

24. By this motion, Trustee seeks approval to pay certain costs associated with the proposed sale, including (i) Broker's six percent (6%) commission on the gross sales price, and (ii) any incidental closing costs that the buyer is not required pay under the terms of the Purchase Agreement.

**Finding That Sale Is In Good Faith And Waiver Of Stay**

25. The Debtor and Trustee further seek the protections afforded to a purchaser with regard to sale transactions under Section 363(m) of the Bankruptcy Code, which provides that the reversal or modification on appeal of an authorization of a sale or lease of property does not affect the validity of the sale or lease under such authorization to an entity that purchased or leased the property in good faith. *See* 11 U.S.C. § 363(m).

26. Although the Bankruptcy Code does not define good faith, courts have recognized that the kind of misconduct that would destroy a good faith status involves fraud, collusion between the purchaser and other offerors, or an attempt to take grossly unfair advantage of other offerors. *In re Abbott Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3rd Cir. 1986). Accordingly, the Debtor and Trustee submit that the proposed method of conducting the sale is reasonable and appropriate, and the Purchaser or the successful bidder should each be entitled to the protections of Section 363(m) of the Bankruptcy Code.

27. Time being of the essence, the Debtor and Trustee request that the Court waive the fourteen (14) day stay period and allow the proposed sale to be consummated immediately upon entry of an order approving the sale as authorized by Bankruptcy Rule 6004(h).

WHEREFORE, the Trustee and the Debtor respectfully requests entry of an Order granting this Motion and (i) authorizing the proposed sale of the Debtor's Business Assets, (ii) authorizing Trustee to consummate the sale on the terms and conditions described in this Motion, (iii) approving the assumption and assignment of the CBL Lease and the Simon Lease, and (iv) granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 10th day of May, 2019.

By: */s/ Jason L. Pettie*
Jason L. Pettie, attorney for Debtor
Georgia Bar # 574783
P.O. Box 17936
Atlanta, Georgia 30316
(404) 638-5984
trustee@jasonpettie.com

By: */s/ S. Gregory Hays*   *
S. Gregory Hays, Trustee
2964 Peachtree Road, Suite 555
Atlanta, Georgia 30305
(404) 926-0051
ghays@haysconsulting.net
*signed by Jason L. Pettie, with express permission granted 5/10/2019