Exhibit "A"

## ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT (the "Agreement") is made and entered into this 10TH day of **May, 2019**, by and between S. GREGORY HAYS as Chapter 11 Trustee for **BEAUTIFUL BROWS LLC**, a Georgia limited liability company, and **Uma Adhikari Subdei and Reshma Pirani** both Georgia residents (collectively the "Purchaser").

### WITNESSETH:

WHEREAS, Beautiful Brows LLC (the "Company") filed a Chapter 11 bankruptcy petition on October 3, 2018 in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") which is pending under Case No. 17-18-66766-JWC;

WHEREAS, on November 21, 2018, S. Gregory Hays ("Trustee") was appointed as Chapter 11 trustee pursuant to the Bankruptcy Court's consent order entered on November 16, 2018 [Doc. No. 43];

WHEREAS, Trustee desires to sell, assign, convey, and transfer to the Purchaser and pursuant to a Letter Of Intent To Purchase dated May 5, 2019 (the "LOI"), Purchaser desires to purchase from Trustee the Personal Property (as defined herein) of the Company, upon the terms and subject to the conditions provided in this Agreement; and

WHEREAS, Trustee shall obtain approval of the Bankruptcy Court for the purchase price as set forth in the LOI;

NOW, THEREFORE, it is agreed as follows:

## SECTION 1.
## COVENANTS AND AGREEMENTS

**1.1 Purchase and Business Assets.** *SUBJECT TO THE APPROVAL OF THE BANKRUPTCY COURT*, Trustee does hereby agree to sell to Purchaser and Purchaser does hereby agree to purchase from Trustee the Personal Property of the Company on the terms and conditions hereinafter set forth.

**1.2 Purchase Price.** The Purchase Price for the Personal Property shall be **$150,000.00** (the "Purchase Price"), which shall be paid to Trustee by Purchaser in cash or wire transfer of certified funds at Closing (as defined below). Upon execution of this Agreement, Purchaser shall pay to the Trustee **$5,000.00** as Earnest Money which shall be applied to the Purchase Price at Closing, or paid to the Trustee if the Closing does not occur as a result of Purchaser's actions or inactions.

- 1 -

**1.3 Closing.** The closing (the "Closing") of the sale hereunder shall take place at such time or place as the Purchaser and Trustee shall mutually determine; provided, however, the closing must occur or before **May 30, 2019** (such date and time being herein called the "Closing Date").

**1.4 Assignment of Leases.** Trustee shall assign the Company's following retail lease locations to Purchaser: (i) retail store at Arbor Place Mall in Douglasville, Georgia leased from CBL & Associates Management, Inc. ("CBL") and (ii) retail store at the Mall of Georgia in Buford, Georgia leased from Simon Property Group, L.P. ("Simon"). Purchaser shall provide the CBL and Simon with adequate assurance of future performance under such leases prior to Closing.

**1.5 Transfer of Personal Property.** On the Closing Date, against payment therefor as provided in Section 1.2, the Company through the Trustee shall deliver, "as-is, where-is", (i) all of the Company's inventory, including raw materials, work in progress, orders in process, and finished products, if any, (ii) all of the Company's furniture, fixtures, and equipment, (iii) the Company's telephone numbers, internet and social media marketing accounts, and (iv) the Company's trade name(s) (all such personal property defined herein as the "Personal Property") to Purchaser, or to a designated company which Purchaser owns.

## SECTION 2.
## SURVIVAL OF REPRESENTATIONS

2.1     **Representations and Agreements.** All representations and agreements in this Agreement and in any certificate, instrument, or other document delivered by the parties to each other in connection therewith shall survive the Closing and shall not merge in the performance of any obligation by any party hereto.

## SECTION 3.
## MISCELLANEOUS PROVISIONS

**3.1 Survival of Representations.** All statements contained in any exhibit, schedule, document, certificate or other instrument delivered by or on behalf of any party hereto or in connection with the transactions contemplated hereby shall be deemed to be representations, warranties and agreements made by the parties pursuant to this Agreement and shall survive the consummation of the transactions contemplated hereby.

**3.2 Entire Agreement.** This Agreement constitutes and contains the entire agreement among the parties pertaining to the subject matter hereof and all prior and contemporaneous agreements and understandings of the parties, whether written or oral, are terminated and superseded and shall be deemed merged herein. There are no representations, arrangements, understandings or agreements, oral or written, among the parties hereto relating to the subject matter of this Agreement, except those fully expressed herein. No changes, alterations, modifications, additions, qualifications or amendments to the terms of this Agreement shall be

made or be binding unless made in writing and signed by all of the parties hereto. This Agreement may be terminated only by a writing signed by all the parties hereto.

3.3 **Successors and Assigns.** All provisions of this Agreement shall be binding upon, shall inure to the benefit of, and shall be enforceable by and against all the parties hereto and their respective heirs, legal representatives, executors, administrators, personal representatives, successors, successors-in-title and permitted assigns.

3.4 **Governing Law.** This Agreement has been negotiated and finally executed within the State of Georgia and the interpretation, validity, and enforceability hereof and the rights of the parties hereunder shall be interpreted, construed, and governed according to the laws of the State of Georgia.

3.5 **Counterparts.** This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and all of which shall constitute one and the same agreement, binding on all the parties hereto, notwithstanding that all the parties are not signatory to the original or the same counterpart.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

[SIGNATURES ON THE FOLLOWING PAGE]
**SELLER:**

S. GREGORY HAYS, as and only as Trustee for
BEAUTIFUL BROWS LLC

By:_____

**PURCHASER:**

By:_____
Name: Uma Adhikari Subdei

By:_____
Name: Resuma Pirani