IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **In re:** <br><br> **BEAUTIFUL BROWS, L.L.C.,** <br><br> **Debtor.** | **Case No. 18-66766** <br><br> **Chapter 11** |

### SUPPLEMENT TO OBJECTION BY SIMON PROPERTY GROUP, L.P. TO DEBTOR'S MOTION (A) FOR AUTHORITY TO SELL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (B) TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS; AND (C) TO ESTABLISH PROCEDURES WITH RESPECT TO SUCH SALE

COMES NOW, SIMON PROPERTY GROUP, L.P. ("Simon"), by and through its attorneys, Hall Booth Smith, P.C., and hereby files this Supplement to its Objection to Debtor's Motion (A) for Authority to Sell Assets Free and Clear of Liens, Claims, Encumbrances, and Interests; (B) to Assume and Assign Certain Executory Contracts; and (C) to Establish Procedures with Respect to Such Sale (hereinafter "Supplement to Simon's Objection to Debtor's Motion for Sale"). (Debtor's Motion for Sale, ECF No. 125; Simon's Objection to Debtor's for Sale, ECF No. 137). Simon expressly references and incorporates in this Supplemental Objection its Objection to the Debtor's Motion to Sale, filed on May 16, 2019 and docketed at ECF No. 137. Simon now shows the Court more fully as follows:

1. On October 3, 2018 (the "Petition Date"), the Debtor filed a chapter 11 voluntary petition.

2. On November 16, 2018, the Court entered a Consent Order Granting Ameris Bank's Motion for Appointment of a Chapter 11 Trustee. (ECF No. 43), establishing the authority and limitations of the Chapter 11 Trustee.

3. On November 26, 2018, the Court entered an Order approving the appointment of S. Gregory Hays as the Chapter 11 Trustee (the "Chapter 11 Trustee"). (ECF No. 49).

4. On or about July 29, 2016, Simon leased certain non-residential real property to Debtor at 3333 Buford Drive, Unit 2029A, Buford, Georgia 30519 ("Premises") pursuant to a real property lease ("Mall of Georgia Lease").

5. The Landlord is the owner or managing agent of numerous shopping centers located throughout the United States. The Debtor leases retail space from the Landlord pursuant to the written Mall of Georgia Lease described above. The Premises is located in a shopping center as that term is defined in section 365(b)(3) the Bankruptcy Code. *See In re Joshua Slocum, Ltd.,* 922 F.2d 1081 (3d Cir. 1990).

6. On December 21, 2018, Simon filed a Motion for an Order Compelling Debtor to Immediately Pay Post-Petition Rent or, Alternatively, Lifting the Automatic Stay. (ECF No. 65). At the hearing on Simon's Motion on January 17, 2019, Simon and the Debtor agreed to terms for a Consent Order and the terms were read into the record. On January 24, 2019, the Court entered the Consent Order requiring the Debtor to pay post-petition rent arrears due and owing through January 18, 2019 and requiring the payment of $6,750.00 in attorneys' fees incurred by Simon in with prosecuting its Motion, the payment of which was required as a part of the Debtor's obligations under 11 U.S.C. § 365(b)(1). (ECF No. 72).

7. On January 31, 2019, the Debtor filed a Motion to Extend the Time to Assume or Reject the Lease for an additional 90 days, which the Court granted pending objections. (Motion to Extend Time, ECF No. 75; Order, ECF No. 77).

8. On February 20, 2019, Simon filed an Objection to the Debtor's Motion to Extend Time to Assume or Reject the Lease. (ECF No. 92). At the hearing on March 7, 2019, Simon and the

Debtor reached an agreement for terms of a consent order and the terms were read into the record. The Consent Order conditioned the additional 90-day extension on the timely payment of the February 2019 rent deficiency, March 2019 rent, and April 2019 rent. (ECF No. 102).

9.At this time, the Debtor is in pre-petition arrears, post-petition arrears, and owes Simon for actual pecuniary loss incurred by Simon in connection with the Debtor's default on post-petition rent obligations. At the very least, the Debtor currently owes $344.15 in pre-petition rent arrears; $1,214.65 for year-end adjustments for 2018 real estate taxes, 2019 real estate taxes escrow, and year-end electrical adjustment; $6,750.00 representing reasonable attorneys' fees pursuant to the Consent Order Requiring Strict Compliance entered on January 24, 2019, which Simon incurred as a result of Debtor's post-petition default at the time (ECF No. 72); and $7,758.82 representing reasonable attorneys' fees incurred in connection with collecting and assuring payment of February, March, and April 2019 rent. (Objection by Simon to Debtor's Motion for Order Extending the Time to Assume or Reject Leases, Feb. 20, 2019, ECF No. 92; Consent Order, March 11, 2019, ECF No. 102). As of May 21, 2019, the total cure amount necessary to assume the Mall of Georgia Lease pursuant to 11 U.S.C. § 365(b)(1) is $16,067.62 (hereinafter the "Cure Amount"). (*See* Exhibit 1: Declaration of Molly Keshena).

10.On January 31, 2019, this Court entered an Order Extending Time to Assume or Reject Leases for ninety (90) days, or until May 1, 2019. (ECF No. 77).

11.Simon did not provided the Debtor with written consent to an additional extension prior to the expiration of the court-ordered extension described above.

12.Simon received a payment from the Debtor in the amount of $7,441.07 on or about May 6, 2019 for May 2019 rent. However, due to the Debtor's failure to assume the Mall of Georgia Lease prior the expiration of the May 1, 2019 deadline and prior to Simon's Objection to the

3

Debtor's Motion, Simon has placed those funds in an escrow account pending the Court's ruling on this Motion.

13. Debtor has not assumed or rejected the Mall of Georgia Lease.

14. As of this date, the Debtor remains in possession of the Premises.

15. The Debtor has not indicated how it will pay the Cure Amount.

16. The Debtor has not provided adequate assurance of future performance under the Mall of Georgia Lease in accordance with all of the Lease's provisions by either the Debtor, the purchasers disclosed in the Debtor's Motion for Sale (ECF No. 125), or any other potential/prospective purchasers. Simon reserves the right to object any form of purported adequate assurance provided by the Debtor.

## CONCLUSION

**WHEREFORE**, Simon respectfully requests that the Court enter an order consistent with its Objection and Supplement to its Objection, deny the Debtor's Motion, deem the subject lease rejected, and grant Simon such other further relief as is just and proper.

Dated: May 22, 2019.

*[Signature Page to Follow]*

Respectfully Submitted:

HALL BOOTH SMITH, P.C.

By: /s/ *Nicholas J. Garcia*

Nicholas J. Garcia
Georgia Bar No. 863498
Hall Booth Smith, P.C.
1301 1st Avenue
Suite 100
Columbus, GA 31901
706-243-6254
ngarcia@hallboothsmith.com
*ATTORNEY FOR SIMON AND PARTY-IN-INTEREST SIMON PROPERTY GROUP, L.P.*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on May 22, 2019, a true and correct copy of the foregoing document was served by electronic submission through the Court's automated Case Management and Electronic Docketing System for the U.S. Bankruptcy Court of the Northern District of Georgia to those parties-in-interest listed on the attached service list.

                                              By:    /s/ *Nicholas J. Garcia*

                                              Nicholas J. Garcia
                                              Georgia Bar No. 863498
                                              Hall Booth Smith, P.C.
                                              1301 1st Avenue
                                              Suite 100
                                              Columbus, GA 31901
                                              706-243-6254
                                              ngarcia@hallboothsmith.com

SERVICE LIST

| | |
|---|---|
| Beautiful Brows, LLC<br>5002 North Royal Atlanta Drive<br>Suite M<br>Tucker, Georgia 30084 | Jason L. Pettie<br>Jason L. Pettie, PC<br>Post Office Box 17936<br>Atlanta, Georgia 30316<br>jasonpettie@gmail.com |
| Thomas W. Dworschak<br>Office of the United States Trustee<br>362 Richard Russell Building<br>75 Ted Turner Drive<br>Atlanta, Georgia 30303<br>Thomas.w.Dworschak@usdoj.gov | Hays Financial Consulting, LLC<br>S. Gregory Hays<br>Suite 555<br>2964 Peachtree Road<br>Atlanta, GA 30305 |

67212776-1

7