UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| BEAUTIFUL BROWS, LLC, | : | CASE NO. 18-66766-JWC |
| | : | |
| Debtor. | : | |

**APPLICATION BY TRUSTEE FOR COMPENSATION**

TO:   THE HONORABLE JEFFREY W. CAVENDER
      UNITED STATES BANKRUPTCY JUDGE

This Application of S. Gregory Hays, brought pursuant to Section 330 of the United States Bankruptcy Code, respectfully shows that he is the duly-appointed and qualified Trustee in Bankruptcy of the above-captioned Estate , that the assets of said Debtor have been liquidated, and that there came into the hands of the undersigned Trustee for disbursement the total sum of $321,935.33 of which $0.00 has been disbursed to the Debtor and the Trustee anticipates an additional $0.00 will be distributed to the Debtor.

In the administration of said Estate, your Applicant has performed those services required by a Trustee. This Application is for services rendered from September 3, 2019 through April 30, 2020. The statutory allowance is the sum of $19,346.77, and Applicant has heretofore received on his account compensation as Trustee in the sum of $0.00.

Your Applicant has not in any form or guise agreed to share the compensation for such services with any person not contributing thereto, or to share in the compensation of any person rendering services in this proceeding to which services Applicant has not contributed. Your Applicant has not entered into any agreement, written or oral, express or implied, with any other

party in interest or any attorney of any other party in interest in this proceeding for the purpose of fixing the amount of the fees or other compensation to be paid to any party in interest, or any attorney of any party in interest herein for services rendered in connection therewith.

Beautiful Brows, LLC ("**Debtor**") commenced the above-styled bankruptcy case by filing a petition under Chapter 11 of Title 11 of the United States Code on October 3, 2018 (the "**Petition Date**").

On November 21, 2018, the United States Trustee filed a Notice of Appointment of Chapter 11 Trustee and Setting of Bond [Doc. No. 46] pursuant to which Applicant was appointed as the Chapter 11 Trustee for the bankruptcy estate of the Debtor. After the United States Trustee filed an Application for Approval of Selection of Appointment of Chapter 11 Trustee [Doc. No. 47] on November 21, 2018, the Court entered an Order Approving Appointment of Chapter 11 Trustee [Doc. No. 49] on November 26, 2018, confirming the appointment of S. Gregory Hays as the Chapter 11 trustee in the Case.

After the Bankruptcy Case was converted to Chapter 7 on September 3, 2019, the United States Trustee filed its "Notice of Appointment of Interim Trustee" on September 4, 2019 [Doc. No. 171]. The Trustee became the permanent trustee after the conclusion of the 341 Meeting of Creditors on October 14, 2019.

Trustee and his professionals have undertaken investigation and identification of assets of the estate, have taken such steps as deemed appropriate for administration and protection of the estate, and created an estate that totals approximately $322,000.

At the commencement of the Bankruptcy Case, a bankruptcy estate was created pursuant to 11 U.S.C. § 541(a) (the "**Bankruptcy Estate**"), and that Bankruptcy Estate includes all Debtor's

legal or equitable interests in property as of the commencement of the Bankruptcy Case and any interest in property that the estate acquires after commencement of the Bankruptcy Case. 11 U.S.C. § 541(a)(1) and (7) (2015). Trustee is the sole representative of the Bankruptcy Estate. 11 U.S.C. § 323(a) (2015).

This Application seeks payment of the Chapter 7 Trustee commission and reimbursement of expenses as Chapter 7 Trustee.

The services of the Chapter 11 Trustee are detailed in the Trustee Fee application. [Doc. No. 193] and in the Final Report of the Chapter 11 Trustee [Doc. No. 183]. In summary the Trustee performed or supervised activities involving the following:

a. Served as the Chapter 11 trustee from November 21, 2019 to August 30, 2019 and oversaw the Debtor's business operations and managed all accounting functions. Met with Debtor on bi-weekly basis to review operations, sign payroll check for employees, and closely managed cash flow since debtor did not generate sufficient funds to keep post-petition payments current.

b. Closed two operating locations and rejected leases for those stores and closed operations and moved equipment to other locations.

c. Negotiated with landlords and paid the landlords' administrative claims.

d. In conjunction with Debtor's Chapter 11 counsel, pursued avoidance actions to recover $25,488.59 for the estate from First Data who processed the debtors credit cards. Avoided lien on two vehicles and recovered $34,980 from auction of the two cars. Pursued recovery of assets from Tucker Imports and arranged sale of the inventory at public auction.

e. Organized and held auction to sell equipment and inventory and close the corporate office.

      f.      Employed broker and managed the sale process resulting in a sale of the remaining two locations and closed the sale of the business.

      g.      Reviewed payroll and tax filings. Reviewed and signed all monthly operating reports and filed with the court. Reviewed and paid all United States Trustee fees.

      h.      Closed all business operations and managed final business issues before converting to Chapter 7.

After converting the case to Chapter 7, the Chapter 7 Trustee focused on finalizing claims and resolving payroll and income tax issues. During the course of his investigation of the affairs of the Debtor, the Chapter 7 Trustee obtained documents indicating that the Debtor had overpaid taxes owed to the Internal Revenue Service. The Trustee attempted to resolve this matter consensually with the IRS, but the IRS did not respond. The Trustee then filed an Objection to a proof of claim filed by the IRS in this case. This Objection led to further discovery which showed that the Debtor was not owed any refunds by the IRS and the Chapter 7 Trustee resolve the payroll tax claims with the IRS and filed amended tax returns for 2017, 2018 and filed a final tax return for 2019.

The Chapter 7 Trustee is currently holding $243,505.52 in the bankruptcy estate's bank account. The estate funds resulted primarily from the sale of the Debtor's business, the sale of two unencumbered vehicles, recovery from First Data, and recovery of inventory from Tucker Imports that was sold at auction. All recoveries are identified in the Final Report of the Chapter 11 Trustee.

The Administrative Claims bar date for Chapter 11 claim in this case was December 2, 2019 [Doc. No. 190]. The Trustee filed applications to pay Chapter 11 administrative claims and

after Orders were entered paid the Chapter 11 administrative claims. One Chapter 11 rent claim is proposed to be paid in the Trustee's Final Report.

The Bar Date for non-government proofs of claim and government proofs of claims was December 11, 2019 [Doc. No. 176]. Final tax returns have been filed and there are no outstanding governmental claims.

After payment of the proposed Chapter 7 administrative claims and a Chapter 11 administrative rent claim, the remaining balance of $187,887.22 will be paid to Ameris Bank which filed secured claim #1-1 for $703,946.57 and holds a lien on all assets. Ameris Bank was active in the case and filed the Motion to Appoint the Chapter 11 trustee. Ameris Bank has been kept informed on the status of the case and available funds to pay their secured claim. The Trustee attempted to negotiate a carve-out for unsecured creditors, but Ameris Bank argued this was a government guaranteed SBA loan and could not agree to a carve-out for unsecured creditors.

As said Trustee, your Applicant has or will pay in the final administration of the case out of his own funds expenses totaling $189.20, none of which have been repaid and for which he prays for reimbursement. Attached hereto marked as Exhibit "A" and incorporated herein by reference is an itemization of Trustee's expenses.

WHEREFORE, S. Gregory Hays prays for such allowance for his services herein in the amount of $19,346.77 plus reimbursement of expenses in the amount of $189.20 and as the Court

finds reasonable and just.

    Respectfully submitted this 30th day of April, 2020.


                                              /s  
                                         S. Gregory Hays  
Hays Financial Consulting, LLC     Chapter 7 Trustee  
2964 Peachtree Rd, N.W, Ste 555  
Atlanta, Georgia 30305  
404) 926-0060

**Hays Financial Consulting, LLC**
2964 Peachtree Road
Suite 555
Atlanta, GA 30305-2153

**Beautiful Brows, LLC**
**Case # 18-66766-JWC**

For the Period from   8/30/2019   to   4/29/2020

April 29, 2020

| Date | Description | Amount |
|---|---|---:|
| 1/9/2020 | 2020 Bond fee | 87.40 |
| 4/29/2020 | Case Closing Expenses: | 101.80 |
| | Copies NFR - 72 notices @ 6 pages @ $0.15 per copy - $64.80 | |
| | Postage NFR - 72 notices @ $0.50 per notice - $36.00 | |
| | Postage distribution checks - 2 checks @ $0.50 per check - $1.00 | |
| | **Total costs** | **$189.20** |